**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Zixuan Wang

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ZIXUAN WANG,**<br><br>Plaintiff,<br><br>v.<br><br>**TRANSWORLD SYSTEMS, INC., AND EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>Defendants. | **Case No.:** 5:26-cv-04308<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>**2.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ**<br><br>**DEMAND FOR JURY TRIAL** |

///

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is a case about a consumer being forced to prove a negative to an industry that refused to listen. Plaintiff Zixuan Wang (pronounced: *Zee-shwan Wong*) spent years building a pristine financial reputation, only to see it dismantled in an instant. In late 2023, a routine credit check for an automobile lease revealed a sudden 100-point collapse in her credit score—the direct result of a "phantom" Verizon debt reported by Transworld Systems, Inc. ("TSI") that simply does not exist.

2. Ms. Wang did the work the Defendants refused to do: she contacted Verizon approximately 20 times, eventually reaching their fraud department, which confirmed she owed nothing and that no other accounts existed in her name. Armed with this definitive proof, she confronted TSI, only to have a manager admit they could not validate the debt through their own client, U.S. Asset Management, Inc. Despite this internal admission of failure, TSI continued to publish the derogatory information, and Experian willfully ignored two rounds of formal disputes containing Ms. Wang's direct evidence of non-liability.

3. Because of the Defendants' willful indifference, Ms. Wang was denied her vehicle lease and stripped of financial autonomy. She has been forced to serve as a "full-time investigator" of her own life, spending hundreds of hours—time she can never recover—fighting to correct a record that the Defendants knew was wrong. This action seeks to hold them accountable for the profound mental exhaustion and concrete reputational harm they have caused.

4. **ZIXUAN WANG** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **TRANSWORLD SYSTEMS, INC., and EXPERIAN INFORMATION SOLUTIONS, INC.** for violations of: (1) the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., (hereinafter

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

"FCRA"), and (2) the California Civil Code §§ 1785 et seq. (hereinafter "CCRAA").

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

9. The FCRA was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" 15 U.S.C. § 1681(b); *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy." The FCRA also imposes duties on the sources that provide credit information to consumer reporting agencies, who are called "furnishers."

10. The CCRAA, the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[1] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

11. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

### JURISDICTION AND VENUE

12. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

13. This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact

[1] Cal Civ. Code § 1785.1(d).

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

COMPLAINT FOR DAMAGES

business here.

## PARTIES

15. Plaintiff is a natural person who resides in San Bernardino County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

16. Defendant Transworld Systems, Inc. (hereinafter "Transworld") is an Pennsylvania corporation operating from an address of 500 Virginia Drive, Suite 514, Ft. Washington, PA 19034, and is a "person" as defined by 15 U.S.C. § 1681a(b).

17. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation operating from an address of 475 Anton Blvd., Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

18. Defendant Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

19. Defendant Transworld Systems is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

20. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned the named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of its authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants"

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

COMPLAINT FOR DAMAGES                                                                PAGE 4 OF 18

without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### FACTUAL ALLEGATIONS

21. Plaintiff is an individual residing in San Bernardino County, California.

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in California.

23. In June 2023, while preparing to rent a home in California, Plaintiff discovered an unfamiliar account labeled 'Paylease, LLC' on her credit report. Although the account appeared closed and 'paid as agreed' at the time, this entry served as the first indication of unauthorized or inaccurate data appearing in Plaintiff's credit file.

24. In November 2023, Plaintiff visited an auto dealership intending to lease a vehicle and was surprised to discover a 100-point drop in her credit score.

25. Plaintiff immediately sought copies of her credit reports, where she learned of the Transworld collections account appearing on her credit reports.

26. Plaintiff learned that the collections account was related to a Verizon account, because Verizon was listed as the original creditor.

27. Plaintiff then confirmed the factual impossibility of the debt through approximately 20 separate communications with Verizon's customer service and billing departments. During these calls, Verizon personnel verified that Plaintiff's only historical account—a Fios internet service—had been closed with a $0 balance. To further ensure the security of her information, Plaintiff engaged Verizon's fraud department, which confirmed that no other accounts existed under her Social Security number or name.

28. On the same day, Plaintiff contacted Transworld Systems to verify the status of the supposed debt.

29. Plaintiff disputed the debt with Transworld and in response got no clear answer as to whether she did or did not owe a balance to Transworld.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

30. Despite this, Transworld has reported derogatory information to the Credit Reporting Agencies since at least November 2023 and has continued to do so.

31. Plaintiff has disputed the derogatory information from Transworld Systems appearing on her credit file and has successfully had the derogatory information removed from her Equifax and Trans Union credit file, but this information remains on her Experian credit file.

## Transworld

32. On or around November 7, 2023, Plaintiff observed a Transworld collections account ending with xxxx70 on her Equifax credit report.

   a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

33. On or around November 7, 2023, Plaintiff observed a Transworld collections account beginning with 1761xxxx on her TransUnion credit report.

   a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

34. On May 6, 2024, a manager at Transworld admitted to Plaintiff that the agency attempted to validate the purported debt through its client, U.S. Asset Management, Inc., but failed to do so. Despite this internal admission that the debt could not be validated, Transworld continued to report the derogatory information to the credit bureaus.

35. On or around June 21, 2024, Plaintiff observed a Transworld collections account ending with xxxx70 on her Equifax credit report.

   a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

36. On or around June 21, 2024, Plaintiff observed a Transworld collections account beginning with 1761xxxx on her TransUnion credit report.

   a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

37. On or around June 20, 2024, Plaintiff observed a Transworld collections account beginning with 176125xx on her Experian credit report.

   a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

38. On or around August 4, 2025, Plaintiff observed a Transworld collections account beginning with 176125xx on her Experian credit report.

   a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

39. On October 3, 2025, Plaintiff sent Defendant Transworld Systems a dispute dated October 3, 2025, via certified mail (in accordance with 15 U.S.C. § 1681s-2(a)(1)(B)(2)), which was received by Defendant Transworld Systems on October 9, 2025.

   a. Attached to this dispute were annotated copies of Plaintiff's Experian consumer disclosures with the disputed items circled.

   b. In this dispute letter, Plaintiff stated she did not recognize the Transworld collection account when it appeared in October 2024. She informed the Defendants that when she contacted the original creditor, Verizon, they confirmed she owed no money. She noted that Verizon failed to provide a zero-balance statement and she could not get clear answers from Transworld. And, she emphasized that the reporting was preventing her from purchasing a car or renting an apartment.

   c. Transworld Systems did not respond at all.

40. As of December 18, 2025, the Plaintiff observed a Transworld collections account beginning with 176125xx on her Experian credit report.

### Experian

41. On or around June 20, 2024, Plaintiff observed a Transworld collections account beginning with 176125xx on her Experian credit report.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

42. On or around August 4, 2025, Plaintiff observed a Transworld collections account beginning with 176125xx on her Experian credit report.

a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

43. On October 3, 2025, Plaintiff sent Defendant Experian a dispute dated October 3, 2025, via certified mail (in accordance with 15 U.S.C. § 1681i-(a)(1)(A)), which was received by Defendant Experian on October 9, 2025.

a. At the time of this dispute to Experian, the credit report erroneously listed the Transworld collections account.

b. In this dispute letter, Plaintiff stated she did not recognize the Transworld collection account when it appeared in October 2024. She informed the Defendants that when she contacted the original creditor, Verizon, they confirmed she owed no money. She noted that Verizon failed to provide a zero-balance statement and she could not get clear answers from Transworld. And, she emphasized that the reporting was preventing her from purchasing a car or renting an apartment.

c. Attached to this dispute was a copy of Plaintiff's driver's license, and annotated copies of Plaintiff's consumer disclosure with the disputed items circled.

d. Notwithstanding the Plaintiffs' written disputes, Experian did not respond to Plaintiff's dispute dated October 3, 2025, at all.

e. Upon information and belief, Transworld was provided notice of Plaintiffs' disputes to Experian and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

f. Plaintiff's dispute to Experian contested the factual accuracy of the

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

information reported by Experian on Plaintiff's Experian credit report. Specifically, it contested the factual accuracy of whether the collections account from Transworld legitimately belonged to Plaintiff.

44. On December 3, 2025, Plaintiff sent Defendant Experian another dispute dated December 3, 2025, via certified mail (in accordance with 15 U.S.C. § 1681i-(a)(1)(A)), which was received by Defendant Experian on December 8, 2025.

    a. At the time of this dispute to Experian, the credit report erroneously listed the Transworld collections account.

    b. Again, in this dispute letter, Plaintiff stated she did not recognize the Transworld collection account when it appeared in October 2024. She informed the Defendants that when she contacted the original creditor, Verizon, they confirmed she owed no money. She noted that Verizon failed to provide a zero-balance statement and she could not get clear answers from Transworld. And, she emphasized that the reporting was preventing her from purchasing a car or renting an apartment.

    c. Attached to this dispute was a copy of Plaintiff's driver's license, and annotated copies of Plaintiff's consumer disclosure with the disputed items circled.

    d. Notwithstanding the Plaintiffs' written disputes, Experian did not respond to Plaintiff's dispute dated December 3, 2025, at all.

    e. Upon information and belief, Transworld was provided notice of Plaintiffs' disputes to Experian and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

    f. Plaintiff's dispute to Experian contested the factual accuracy of the information reported by Experian on Plaintiff's Experian credit report. Specifically, it contested the factual accuracy of whether the collections account from Transworld legitimately belonged to Plaintiff.

45. Plaintiff provided the same evidence of non-liability and formal dispute documentation to all three major Credit Reporting Agencies. While Equifax and TransUnion successfully recognized the error and removed the derogatory information from Plaintiff's credit files, Experian willfully ignored the evidence and continues to report the inaccurate Transworld collection account.

46. As of December 18, 2025, the Plaintiff observed a Transworld collections account beginning with 176125xx on her Experian credit report.

    a. This account does not belong to Plaintiff and Plaintiff has fully paid and closed any accounts she had with the original creditor Verizon.

### All Defendants

47. Within the five years previous to the filing of this Complaint, Defendant Experian prepared and distributed one or more consumer reports, as that term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by Transworld Systems account purported to belong to Plaintiff:

    a. Regarding Defendant Experian, the following inquiries were made on Plaintiff's Experian credit report:

        i. There was a hard inquiry on Plaintiff's credit on November 3, 2023 by BMW of Buena Park.

        ii. There was a hard inquiry on Plaintiff's credit on October 14, 2023 and July 20, 2024, by CBC/BMW of Ontario.

        iii. There was a hard inquiry on Plaintiff's credit on August 13, 2025, by JPMCB CARD.

        iv. There were soft inquiries on Plaintiff's credit by Consumerinfo.com (12/18/2025, 8/4/2025, 7/16/2025) JPMCB Card (12/4/2025, 8/13/2025) Bank of America (11/21/2025, 10/16/2025, 7/18/2025, 12/13/2024, 11/15/2024, 10/17/2024 and 9/20/2024) Discover (11/7/2025) LexisNexis/State Farm

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

(11/5/2025) Union Credit Inc (11/3/2025, 10/30/2025, and 9/26/2025) AT&T Services, Inc. (10/28/2025) ComenityCapital/Breadchb (8/14/2025) ExperianHLTH/NYU Faculty (8/14/2025) Cap One NA (7/16/2025) ExperianHLTH (5/16/2025) Progressive Insurance (3/19/2025) Capital One Financial (11/26/2024, 11/14/2024, 9/16/2024,  8/12/2024, and 4/9/2024) Discover Financial Svcs (6/10/2024) US Bank (11/14/2023) Autonation.com inc (11/3/2023)  Credit Bureau Connection (10/14/2023)

48. On or around October 14, 2023, Plaintiff was declined for financing a lease through BMW Financial Services as a proximate or direct result of the derogatory reporting appearing on Plaintiff's credit reports.

49. Defendant Experian failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information.

50. Defendant Experian knows that furnishers like Transworld often fail to correctly code paid off accounts.

51. Within the last five years, Plaintiff has requested a copy of her  credit file from Defendant Experian and, upon information and belief, has not received all of Defendant's credit files or all of the information contained in those credit files.

52. Defendant Experian has willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports.

### ACTUAL DAMAGES

53. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Plaintiff has further spent countless hours and suffered financial loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

54. Plaintiff has reached a state of profound mental exhaustion, having been forced to cycle through the dispute process multiple times with no resolution, describing herself as "tired of fighting" institutions that refuse to acknowledge objective physical evidence.

55. Plaintiff has spent countless hours—time she can never recover—disputing to the Defendants, effectively performing the investigation that the FCRA and CCRAA mandate the Defendants perform themselves.

56. Plaintiff's frustration was exacerbated when a manager at TSI admitted on May 6, 2024, that the agency could not validate the debt through its own client, yet continued to report it as valid.

57. Plaintiff's credit damage continues to threaten her financial future, including her plans to move to Texas and purchase a home.

58. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681E(B)

### [AGAINST EXPERIAN]

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files.

### COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(1)

### [AGAINST EXPERIAN]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Experian violated 15 U.S.C. § 1681i(a)(l) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

### COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

**15 U.S.C. § 1681I(A)(2)(A)**

**[AGAINST EXPERIAN]**

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Experian violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide Transworld with all the relevant information regarding Plaintiff's disputes.

**COUNT IV**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(4)**

**[AGAINST EXPERIAN]**

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Experian violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

**COUNT V**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(5)(A)**

**[AGAINST EXPERIAN]**

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Experian violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the items of information upon an accurate reinvestigation.

**COUNT VI**

**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT**

**CAL. CIV. CODE § 1785.14(B)**

**[AGAINST EXPERIAN]**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Defendant violated Cal. Civ. Code 1785.14(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files.

## COUNT VII

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT

### CAL. CIV. CODE § 1785.16(A)

### [AGAINST EXPERIAN]

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Defendant violated Cal. Civ. Code 1785.16(a) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and by recording the current status of the disputed information or deleting the item from the Plaintiff's credit files.

## COUNT VIII

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT

### CAL. CIV. CODE § 1785.16(B)

### [AGAINST EXPERIAN]

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. Defendant violated Cal. Civ. Code 1785.16(b) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

## COUNT IX

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(A)

### [AGAINST DEFENDANT TRANSWORLD]

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Transworld Systems violated 15 U.S.C. § 1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

77. Transworld Systems understood the nature of Plaintiff's disputes when it received an ACDV from Equifax, Experian, and Trans Union.

COUNT X

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681S-2(B)(1)(B)

[AGAINST DEFENDANT TRANSWORLD SYSTEMS]

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Transworld Systems violated 15 U.S.C. § 1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

COUNT XI

VIOLATION OF THE CCRAA

CAL CIV § 1785.25(A)

[AGAINST DEFENDANT TRANSWORLD SYSTEMS]

80. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Transworld Systems violated Cal. Civ. Code § 1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

e) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(a)(1);

f) Punitive damages in an amount of $5,000 for each violation pursuant to Cal. Civ. Code § 1731(a)(2)(B);

g) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

h) An order directing that each Defendant sends Plaintiff's updated and corrected credit report information to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years; and

i) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED

82. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**THE CARDOZA LAW CORPORATION**

DATED:  July 31, 2026

BY: /s/ Lauren B. Veggian

Lauren B. Veggian, Esq.
Michael F. Cardoza, Esq.
Attorneys for Plaintiff
Zixuan Wang

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**THE CARDOZA LAW CORPORATION**
**548 MARKET ST. #80594**
**SAN FRANCISCO, CA 94104**

## ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.